# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 09-489V
Filed: November 6, 2017

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| DULCE AND SEAN REILLY, parents     * | Special Master Sanders |
| and natural guardians of E.R., a minor,     * | |
|   * | Decision on Proffer; Damages; Diphtheria- |
|   * | Tetanus-Acellular-Pertussis ("DTaP") |
| Petitioners,     * | Vaccine; Infantile Spasms. |
|   * | |
| v.     * | |
|   * | |
| SECRETARY OF HEALTH     * | |
| AND HUMAN SERVICES,     * | |
|   * | |
|   * | |
| Respondent.     * | |
| * * * * * * * * * * * * * * | |

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

        On July 27, 2009, Dulce and Sean Reilly ("Petitioners") filed a petition on behalf of their minor child, E.R., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioners allege that the diphtheria-tetanus-acellular-pertussis ("DTaP") vaccine administered on June 21, 2007 caused E.R. to suffer from a seizure disorder. Ruling Entitlement (May 31, 2016) at 1-2, ECF No. 107.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

Special Master Hamilton-Fieldman issued a Ruling on Entitlement on May 31, 2016. *Id.* She held that Petitioners' theory and medical records satisfied the three-prong test in *Althen v. Secretary of Health and Human Services*, 418 F.2d 1274, 1278 (Fed. Cir. 2005), and Petitioners were therefore entitled to compensation. *Id.* at 19-22.

On June 22, 2016, Special Master Hamilton-Fieldman issued a Damages Order encouraging the parties to identify and provide information that will be "necessary to assess the appropriate amount of compensation to be awarded in this case." Dam. Order at 7, ECF No. 111. The case was reassigned to the undersigned on January 10, 2017. Not. Reassignment, ECF No. 115.

Respondent filed a Proffer on Award of Compensation ("Proffer") on November 2, 2017. Proffer, ECF No. 126. Based on the record as a whole, the undersigned finds that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioners:

A. **A lump sum payment of $1,268,787.00, (representing compensation for lost future earnings ($750,984.00), pain and suffering ($250,000.00), and life care expenses for Year One ($267,803.00)), in the form of a check payable to [P]etitioners as guardians/conservators of the estate of E.R., for the benefit of E.R.; and**

B. **A lump sum payment of $130,000.00, representing compensation for past unreimbursable expenses, [in the form of a check] payable to Dulce Reilly and Sean Reilly, [P]etitioners; and**

C. **An amount sufficient to purchase an annuity contract, subject to the conditions described [in Section II.C.], that will provide payments for the life care items contained in the life care plan, as illustrated by the chart [attached to the Proffer], and paid to the life insurance company from which the annuity will be purchased.**

Proffer 3-5.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DULCE and SEAN REILLY, parents and natural guardians of E.R., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 09-489V<br>Special Master Herbrina Sanders<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

Respondent submits the following recommendations regarding items of compensation to be awarded under the Vaccine Act.

### I. Items of Compensation

#### A. Life Care Items

The parties engaged life care planners Tresa Johnson, RN, BSN, CNLCP, and M. Virginia Walton, RN, MSN, FNP, CNLCP, to provide an estimation of E.R.'s future vaccine-injury related needs, and the parties' planners came to a joint consensus regarding appropriate items of care. All items of compensation identified by the parties' joint life care plan dated October 25, 2017, are supported by the evidence, and are illustrated by the chart entitled Summary of Life Care Items, attached hereto as Tab A. Respondent proffers that E.R. should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

1

### B. Lost Earnings

The parties agree that based upon the evidence of record, E.R. will never be gainfully employed. Therefore, respondent proffers that E.R. should be awarded full lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Respondent proffers that the appropriate award for E.R.'s lost future earnings is $750,984.00 at net present value. Petitioners agree.

### C. Pain and Suffering

Respondent proffers that E.R. should be awarded $250,000.00 for actual pain, suffering, and emotional distress, consistent with the statutory cap on awards for this element of damages. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

### D. Past Unreimbursable Expenses

Evidence supplied by petitioners document their expenditure of past unreimbursable expenses related to E.R.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $130,000.00. Petitioners agree.

### E. Medicaid Lien

To the best of respondent's knowledge and upon the representation of petitioners, E.R. has never received Medicaid benefits. Accordingly, there is no Medicaid lien.

### F. Attorneys' Fees and Costs

This proffer does not address final attorneys' fees and costs. Petitioners are entitled to reasonable attorneys' fees and costs, to be determined at a later date upon petitioners filing substantiating documentation.

**II. Form of the Award**

The parties recommend that the compensation provided to E.R. should be made through a combination of one-time lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following for all compensation[1] available under 42 U.S.C. § 300aa-15(a).

Respondent proffers and petitioners agree that an award of compensation include the following elements:

**A.**  A lump sum payment of **$1,268,787.00**, (representing compensation for lost future earnings ($750,984.00), pain and suffering ($250,000.00), and life care expenses for Year One ($267,803.00)), in the form of a check payable to petitioners as guardians/conservators of the estate of E.R., for the benefit of E.R.  No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of the estate of E.R.;

**B.**  A lump sum payment of $130,000.00, representing compensation for past unreimbursable expenses, payable to Dulce Reilly and Sean Reilly, petitioners; and

**C.**  An amount sufficient to purchase an annuity contract,[2] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, and paid to the life insurance company[3] from

---

[1] Should E.R. die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings and future projected pain and suffering and the parties reserve the right to move the Court for appropriate relief.

[2] To satisfy the conditions set forth herein, in respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[3] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

3

which the annuity will be purchased.[4]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian/conservators of the estate of E.R., only so long as E.R. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments.  Annual totals set forth in the far-right column of the chart at Tab A describe only the total yearly sum to be paid for the benefit of E.R. and do not require that the payment be made in one annual installment.

   **1.**  **Growth Rate**

Respondent proffers that a four percent (4%) growth rate should be applied to all life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow at four percent (4%) compounded annually from the date of judgment.

   **2.**  **Life-Contingent Annuity**

Petitioners as guardians/conservators of the estate of E.R. will continue to receive the annuity payments from the Life Insurance Company only so long as E.R. is alive at the time that

---

  a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

  b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

  c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

  d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

[4] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

4

a particular payment is due. E.R.'s estate shall provide written notice to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of E.R.'s death.

### 3. Guardianship

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardians/conservators of E.R.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of E.R., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.R. upon submission of written documentation of such appointment to the Secretary.

## III. Summary of Recommended Payments Following Judgment

| | | |
|---|---|---:|
| A. | Lump Sum paid to petitioners as guardians/conservators of E.R.'s estate, for the benefit of E.R.: | **$ 1,268,787.00** |
| B. | Lump sum paid to petitioners: | **$ 130,000.00** |
| C. | An amount sufficient to purchase the annuity contract described above in section II. C. | |
| D. | Reasonable final attorneys' fees and litigation costs: | **TBD** |

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Assistant Director
        Torts Branch, Civil Division

        <u>s/ RYAN D. PYLES</u>
        RYAN D. PYLES
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel: (202) 616-9847

DATED: November 2, 2017

**Pet. Ethan Reilly**
**D.O.B. 12/15/2006**

DATE: 10/25/17
TIME: 10:01 AM

**SUMMARY OF LIFE CARE ITEMS - JOINT LIFE CARE PLAN dated October 25, 2017**

| ITEM OF CARE | | Insurance | Medical Care | Ancilliary Services | Medications | Supplies | Home Services | Transportation | Home Modifications | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE | YEAR | | | | | | | | | | |
| 11 | 2017 | 6,000.00 | 0.00 | 7,778.00 | 3,591.50 | 9,941.97 | 137,760.00 | 2,731.04 | 100,000.00 | 267,803 | 267,803 |
| 12 | 2018 | 6,000.00 | 0.00 | 9,478.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 162,761 | 169,271 |
| 13 | 2019 | 6,000.00 | 0.00 | 9,478.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 162,761 | 176,042 |
| 14 | 2020 | 6,000.00 | 0.00 | 9,478.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 162,761 | 183,084 |
| 15 | 2021 | 6,000.00 | 0.00 | 9,478.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 162,761 | 190,407 |
| 16 | 2022 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 298,120 |
| 17 | 2023 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 310,045 |
| 18 | 2024 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 322,447 |
| 19 | 2025 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 335,344 |
| 20 | 2026 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 348,758 |
| 21 | 2027 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 362,709 |
| 22 | 2028 | 6,000.00 | 0.00 | 91,750.00 | 3,591.50 | 3,200.38 | 137,760.00 | 2,731.04 | 0.00 | 245,033 | 377,217 |
| 23 | 2029 | 9,189.76 | 0.00 | 11,888.00 | 3,591.50 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 171,989 | 275,361 |
| 24 | 2030 | 9,189.76 | 0.00 | 11,888.00 | 3,591.50 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 171,989 | 286,375 |
| 25 | 2031 | 9,189.76 | 0.00 | 8,290.00 | 3,591.50 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 168,391 | 291,600 |
| 26 | 2032 | 13,310.76 | 424.40 | 8,290.00 | 3,338.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 172,683 | 310,993 |
| 27 | 2033 | 13,456.44 | 424.40 | 8,290.00 | 3,338.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 172,829 | 323,706 |
| 28 | 2034 | 13,677.48 | 424.40 | 8,290.00 | 3,338.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 173,050 | 337,084 |
| 29 | 2035 | 13,863.84 | 424.40 | 8,290.00 | 3,338.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 173,236 | 350,945 |
| 30 | 2036 | 9,577.68 | 424.40 | 8,290.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 168,406 | 354,807 |
| 31 | 2037 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 366,545 |
| 32 | 2038 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 381,207 |
| 33 | 2039 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 396,455 |
| 34 | 2040 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 412,313 |
| 35 | 2041 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 428,806 |
| 36 | 2042 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 445,958 |
| 37 | 2043 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 463,796 |
| 38 | 2044 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 482,348 |
| 39 | 2045 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 501,642 |
| 40 | 2046 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 521,708 |

**Pet. Ethan Reilly**
**D.O.B. 12/15/2006**

DATE: 10/25/17
TIME: 10:01 AM

SUMMARY OF LIFE CARE ITEMS - JOINT LIFE CARE PLAN dated October 25, 2017

| ITEM OF CARE | Insurance | Medical Care | Ancilliary Services | Medications | Supplies | Home Services | Transportation | Home Modifications | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE YEAR | | | | | | | | | | |
| 41 2047 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 542,576 |
| 42 2048 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 564,279 |
| 43 2049 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 586,850 |
| 44 2050 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 610,324 |
| 45 2051 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 634,737 |
| 46 2052 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 660,127 |
| 47 2053 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 686,532 |
| 48 2054 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 713,993 |
| 49 2055 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 742,553 |
| 50 2056 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 772,255 |
| 51 2057 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 803,145 |
| 52 2058 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 835,271 |
| 53 2059 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 868,682 |
| 54 2060 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 903,429 |
| 55 2061 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 939,566 |
| 56 2062 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 977,149 |
| 57 2063 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,016,235 |
| 58 2064 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,056,884 |
| 59 2065 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,099,159 |
| 60 2066 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,143,126 |
| 61 2067 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,188,851 |
| 62 2068 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,236,405 |
| 63 2069 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,285,861 |
| 64 2070 | 9,577.68 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 167,286 | 1,337,296 |
| 65 2071 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,354,188 |
| 66 2072 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,408,355 |
| 67 2073 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,464,690 |
| 68 2074 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,523,277 |
| 69 2075 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,584,208 |
| 70 2076 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,647,577 |

**Pet. Ethan Reilly**
**D.O.B.  12/15/2006**

DATE:     10/25/17
TIME:     10:01 AM

**SUMMARY OF LIFE CARE ITEMS - JOINT LIFE CARE PLAN dated October 25, 2017**

| ITEM OF CARE | | Insurance | Medical Care | Ancilliary Services | Medications | Supplies | Home Services | Transportation | Home Modifications | TOTALS of Items with a 4.0% Growth Rate | TOTALS OF 4.0% ITEMS & APPLYING THE GROWTH RATE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GROWTH RATE | | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | 4.0% | | |
| AGE | YEAR | | | | | | | | | | |
| 71 | 2077 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,713,480 |
| 72 | 2078 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,782,019 |
| 73 | 2079 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,853,300 |
| 74 | 2080 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 1,927,432 |
| 75 | 2081 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,004,529 |
| 76 | 2082 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,084,710 |
| 77 | 2083 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,168,099 |
| 78 | 2084 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,254,822 |
| 79 | 2085 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,345,015 |
| 80 | 2086 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,438,816 |
| 81 | 2087 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,536,369 |
| 82 | 2088 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,637,823 |
| 83 | 2089 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,743,336 |
| 84 | 2090 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,853,070 |
| 85 | 2091 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 2,967,193 |
| 86 | 2092 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 3,085,880 |
| 87 | 2093 | 5,175.44 | 424.40 | 7,170.00 | 2,794.01 | 3,200.38 | 144,000.00 | 119.84 | 0.00 | 162,884 | 3,209,315 |
| | | 608,132 | 26,313 | 1,170,146 | 229,277 | 253,171 | 11,013,120 | 40,562 | 100,000 | 13,440,721 | 81,065,682 |
| | | 4.52% | 0.20% | 8.71% | 1.71% | 1.88% | 81.94% | 0.30% | 0.74% | | 100.00% |

*This Report was generated using Sequoia Settlement Services, LLC Software (c) 1990*