# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 30, 2018

```
* * * * * * * * * * * * * *
DULCE AND SEAN REILLY, parents      *
and natural guardians of E.R., a minor,  *     No. 09-489V
                                    *     Special Master Sanders
              Petitioners,          *
                                    *
v.                                  *     Attorneys' Fees and Costs; Reasonable
                                    *     Amount Requested
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *
              Respondent.           *
* * * * * * * * * * * * * *
```

Edward M. Kraus, Law Offices of Chicago Kent, Chicago, IL, for Petitioners.
Ryan D. Pyles, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES & COSTS[1]

On July 27, 2009, Dulce Reilly and Sean Reilly ("Petitioners"), parents and natural guardians of E.R., a minor, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34. Petitioners alleged that as a result of a Diptheria-Tetanus-acellular Petrussis ("DTaP") vaccine received on June 21, 2007, E.R. suffered from encephalopathy and intractable seizures. Pet. at 1, ECF No. 1. Respondent disputed that the vaccine caused E.R.'s injuries. See Resp't Rept., ECF No. 7.

At the time of filing, Petitioners were represented by Attorney Ronald C. Homer of Conway, Homer & Chin-Caplan, P.C. (now Conway Homer, P.C.). Each party filed expert reports, and an evidentiary hearing was originally set for November 3, 2010. See Pet'r Ex. 18, ECF No.

---

[1] This decision shall be posted on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 et seq. (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

1

15; Resp't Ex. B, ECF No. 18; Prehearing Order, ECF No. 23. Before the hearing, E.R. had a hospitalization which potentially affected his claim, and the parties agreed that it would be prudent to postpone the hearing. *See* Order, ECF No. 36.

On August 25, 2011, Petitioners filed a motion to substitute Attorney Anne C. Toale of Maglio Christopher & Toale, PA as counsel of record. ECF No. 46. The motion was granted on the same day. *See* Unnumbered Entry, docketed Aug. 25, 2011. Petitioners' original expert had become unavailable due to the declining health and ultimate death of a family member. *See* Pet'r Ex. 80 at 4, ECF No. 79. Therefore, Petitioners sought out a new expert for their case. Thereafter, additional expert reports were filed by both parties. Pet'r Exs. 39, 61, ECF Nos. 53, 66; Resp't Exs. G, H, ECF Nos. 62, 68.

An evidentiary hearing was held on June 18-19, 2013 in Washington, D.C. *See* Transcripts, ECF Nos. 82, 84. On the second day of the hearing, Special Master Hamilton-Fieldman suspended proceedings after she discovered that one of the attorneys appearing for Petitioners at the hearing had prior involvement with the case as a law clerk for another special master. *See* Order at 5-6, ECF No. 85; *see also id.* at 2-5 (providing a detailed overview of the procedural history of the case, including Petitioners' attorney's involvement as a law clerk and as an attorney at Maglio Christopher and Toale PA). The parties were then directed to file information related to the potential ethical issues raised by Petitioners' attorney's involvement in the case. *Id.* at 7-8. The parties complied with the order regarding the potential ethical issue. See ECF Nos. 86-94. The Standing Panel on Attorney Discipline ultimately dismissed the disciplinary matter that arose out of the issue after finding that no ethical violation had occurred. *See* Motion for Clarification, ECF No. 108; Pet'r Mot. Tab E, ECF No. 132 at 266.

On October 31, 2013, Petitioners filed a motion to substitute Attorney Edward Kraus of the Law Offices of Chicago Kent as counsel of record '[i]n order to prevent further delays in their case." ECF No. 95. That motion was granted on November 6, 2013. ECF No. 97.

An evidentiary hearing was held on June 12, 2014 in Washington, D.C., and the parties filed post-hearing briefs thereafter. ECF Nos. 102, 104, 106. On May 31, 2016, Special Master Hamilton-Fieldman issued a ruling on entitlement, finding that Petitioners were entitled to compensation. ECF No. 107.

The parties resolved the issue of damages without a hearing, and a Proffer was filed on November 2, 2017. ECF No. 126. On November 6, 2017, the undersigned issued a decision finding that Petitioners were entitled to an award as stated in the Proffer. ECF No. 127. Petitioners were awarded a lump sum payment of $1,268,787.00, representing lost future earnings, pain and suffering, and life care expenses for Year One; a lump sum payment of $130,000.00, representing compensation for past unreimbursable expenses; and an amount sufficient to purchase an annuity contract subject to the conditions set forth in the Proffer, which will provide payments for life care items contained in the life care plan. *Id.* at 2. Judgment entered on November 27, 2017. ECF No. 129.

On April 12, 2018, Petitioners timely filed a Motion for Attorneys' Fees and Costs. ECF No. 132. In their motion, Petitioners requested attorneys' fees and costs on behalf of Mr. Kraus,

2

Ms. Toale, and Mr. Homer. *Id.* at 1.  They also requested personal litigation costs. *Id.*  Petitioners requested the following fees and costs:

| On behalf of: | **Fees** | **Costs** | **Total Fees & Costs** |
|---|---|---|---|
| **Mr. Kraus** | $63,653.70 | $76,463.24 | $140,116.94 |
| **Ms. Toale** | $93,186.80 | $9,623.43 | $102,810.23 |
| **Mr. Homer** | $73,680.10 | $8,559.54 | $82,239.64 |
| **Petitioners** | n/a | $9,142.45 | $9,142.45 |
| | | **Total Amount Requested:** | **$334,309.26** |

Billing records from Mr. Kraus and his firm are contained in Tab A. *See* Pet'r Mot. Tab A, ECF No. 132 at 3-11.  Tab A also contains an affidavit from Mr. Kraus in support of the motion. *Id.* at 12-16.  Receipts from Mr. Kraus and his firm are contained in Tab B. *See* Pet'r Mot. Tab B, ECF No. 132 at 17-68.  Billing records and receipts from Ms. Toale and her firm are contained in Tab E. *See* Pet'r Mot. Tab E, ECF No. 132 at 157-262.  Tab E also includes affidavits in support of the motion from Ms. Toale, attorney Isaiah R. Kalinowski, and attorney Altom M. Maglio. *See id.* at 263-277.  Billing records and receipts from Mr. Homer and his firm are contained in Tab D. *See* Pet'r Mot. Tab D, ECF No. 132 at 92-156.  Receipts for Petitioners' expenses are contained in Tab C. *See* Pet'r Mot. Tab C, ECF No. 132 at 69-91.

Respondent filed a response to the motion on April 16, 2018.  ECF No. 133.  In his Response, Respondent wrote that "[t]o the extent the Special Master is treating [P]etitioner[s'] request for attorneys' fees and costs as a motion that requires a response from [R]espondent . . . [,] Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent recommended "that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

In accordance with Section 15(e) of the Vaccine Act, the undersigned finds that Petitioners are entitled to attorneys' fees and costs.  The undersigned has carefully reviewed the detailed records of time and expenses of Petitioners and their attorneys and finds that all of the requested fees and costs are reasonable for this case.  Accordingly, the undersigned hereby awards a total of **$334,309.26** as follows:[3]

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorneys against Petitioners, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

- **The total of $140,116.94, in the form of a check made payable jointly to Petitioners and Petitioners' current counsel, Edward M. Kraus, of The Law Offices of Chicago Kent, for attorneys' fees and costs; and**

- **The total of $102,810.23, in the form of a check made payable jointly to Petitioners and Petitioners' former counsel, Anne C. Toale, of Maglio Christopher and Toale, PA, for attorneys' fees and costs;[4] and**

- **The total of $82,239.64, in the form of a check made payable jointly to Petitioners and Petitioners' former counsel, Ronald Homer, of Conway Homer, PC, for attorneys' fees and costs;[5] and**

- **The total of $9,142.45, in the form of a check made payable to Petitioners, for Petitioners' costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[4] The Clerk of Court is directed to send a copy of this decision to Petitioners' former counsel, Anne C. Toale, of Maglio Christopher and Toale, PA, located at 1605 Main Street, Suite 710, Sarasota, FL 34236.

[5] The Clerk of Court is directed to send a copy of this decision to Petitioners' former counsel, Ronald Homer, of Conway Homer, PC, located at 16 Shawmut Street, Boston, MA 02116.

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).